UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROGER LEISHMAN,<br><br>  Plaintiff,<br><br>  v.<br><br>WASHINGTON STATE OFFICE OF THE GOVERNOR, ET AL.,<br><br>  Defendants. | CASE NO. 2:24-cv-01363-JNW<br><br>ORDER DENYING REASSIGNMENT & REFERRING MOTION TO DISQUALIFY TO CHIEF JUDGE ESTUDILLO |

Plaintiff Roger Leishman sued Defendants Washington State Office of the Governor, Attorney General's Office, and Department of Enterprise Services in state court alleging that they violated the Americans with Disabilities Act (ADA).

Defendants removed the case on August 28, 2024, and the case was assigned to the Honorable Marsha J. Pechman. Per LCR 3(g), Defendants filed a "Notice of Related Cases," in which they identified *Leishman v. Washington Attorney General's Office et al.,* Case No. 2:20-cv-861-JNW (W.D. Wash.) as a related case. Dkt. No. 2. Defendants state that Case No. 2:20-cv-861-JNW is related to this case because it involves "the same Plaintiff," "two of the same Defendants," and ADA claims. Dkt. No. 2. This Court presided over Case No. 2:20-cv-861-JNW.

ORDER - 1

Leishman claims that he tried to object immediately to Defendant's Notice of Related cases, but that he could not because Defendants had identified him as a represented party even though he is proceeding *pro se,* which prevented him from filing through the Court's electronic filing system. Dkt. No. 23. He wasn't able to file his objection until September 11, but by then, Judge Pechman had transferred the case to this Court. Dkt. Nos. 6, 8. Leishman now moves for reassignment or recusal, requesting that this Court (1) grant leave to file his Objection to Defendants' Notice of Related Case *nunc pro tunc* to August 29, 2024; (2) sustain Leishman's Objection and reassign the case to Judge Pechman, or alternatively, (3) that this Court recuse itself from the case. Dkt. No. 23.

To begin, the Court will review the entire record, including Leishman's prior objections. *See* Dkt. No. 8.

The Court now turns to the merits of Leishman's objections. He claims this case and Case No. 2:20-cv-861-JNW are not "related cases" under LCR 3(g). But on review of the docket in both cases, the Court concludes otherwise—like Judge Pechman—because the cases involve "substantially the same parties" and because it seems likely that "there will be an unduly burdensome duplication of labor and expense" if this case is "conducted before [a] different judge." *See* LCR 3(g)(4).

Next, Leishman argues that 28 U.S.C. § 455(a) requires recusal. That statute mandates that a federal judge recuse themselves in any proceeding in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). To decide whether recusal is necessary under Section 455(a), courts must consider "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's

ORDER - 2

impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks omitted). "If the challenged judge decides not to voluntarily recuse, [they] will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." LCR 3(f).

Leishman confirms that his argument under Section 455(a) "is based solely on Defendants' conduct, not on any conduct by Judge Whitehead." Dkt. No. 23 at 12. The Court is not persuaded that Defendants' conduct, as described by Leishman, would lead a reasonable person to question *the Court's* impartiality here. *See* 28 U.S.C. § 455(a).

Finally, Leishman contends that 28 U.S.C. § 455(b)(1) requires recusal because the Court has "personal knowledge of disputed evidentiary facts concerning th[is] proceeding." 28 U.S.C. § 455(b)(1); *see* Dkt. No. 23 at 14. But the Court has no independent, personal knowledge of litigation between the Parties. Indeed, any knowledge the Court may possess about this matter is derived solely from the docket. As the Court is unaware of any evidentiary facts outside the record in either of Leishman's cases, Section 455(b)(1) does not require recusal.

For the reasons stated, the Court finds that neither transfer nor recusal is necessary. Accordingly, the Court will not transfer the case or voluntarily recuse itself, and it DIRECTS the Clerk of the Court to REFER this motion, Dkt. No. 23, to Chief Judge Estudillo for further consideration under LCR 3(f).

Dated this 2nd day of October, 2024.

Jamal N. Whitehead

ORDER - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

United States District Judge

ORDER - 4