UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROGER LEISHMAN,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>OFFICE OF THE GOVERNOR et al.,<br><br>　　　　　　　Defendant. | CASE NO. 2:24-cv-01363-JNW<br><br>ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 27) |

　　　This matter comes before the Court on Judge Whitehead's denial (Dkt. No. 27) of Plaintiff's Motion for Recusal or Reassignment. (Dkt. No. 23). Plaintiff argues that Defendants' Notice of Related Case, which resulted in reassignment of this matter from Judge Pechman to Judge Whitehead, was inappropriate. (*See* Dkt. No. 23 at 1-2.) Plaintiff requests reassignment to Judge Pechman or in the alternative that Judge Whitehead recuse himself. (*Id.*) Judge Whitehead denied both reassignment and recusal, on the grounds that this matter is related to Case No. 2:20-cv-861-JNW and that no basis for recusal applies. (*See* Dkt. No. 27 at 2-3). Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily

recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Whitehead's decision not to recuse.[1]

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal bias or prejudice against a party. 28 U.S.C. § 455(a), (b)(1). Such bias or prejudice must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

As Judge Whitehead noted, Plaintiff's motion "is based solely on Defendants' conduct, not on any conduct by Judge Whitehead." (*See* Dkt. 27 at 3, quoting Dkt. 23 at 12.) As such, recusal under 28 U.S.C. § 455(a)—owing to the *judge's* impartiality being reasonably questioned—is plainly inappropriate. (*See* Dkt. No. 27 at 3.) Plaintiff further alleges that Judge Whitehead must recuse because of "personal knowledge of disputed evidentiary facts" in the case. (*See* Dkt. No. 23 at 13–14, citing 28 U.S.C. § 455(b)(1)). But the only argument Plaintiff offers in support of this contention is that Judge Whitehead presided over prior proceedings in this case or related cases. (*See id.* at 14.) Thus, any knowledge of this case that Judge

---

[1] This Court does not review Judge Whitehead's denial of reassignment, because only motions for recusal fall within the ambit of Local Civil Rule 3(f).

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 27) - 2

1  Whitehead has is merely that obtained via the parties' submissions on the docket and is not a
2  basis for recusal.  *See Liteky v. U.S.*, 510 U.S. 540, 550–51 (1994) (information obtained by a
3  judge from presiding over prior proceedings is not "bias" from an "extrajudicial source"
4  necessitating recusal under § 455(b)(1)).

5        Accordingly, Judge Whitehead's Order Denying Motion to Recuse (Dkt. No. 27) is
6  AFFIRMED.

7        Dated this 8th day of October, 2024.

David G. Estudillo
United States District Judge